# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ARACELI MARTINEZ, <br><br> Defendant. | No. CR 03-110 LRR <br><br> **ORDER** |

_____

Before the court is the Motion to Recuse (docket no. 200) filed by Defendant Araceli Martinez. In the Motion to Recuse, Defendant asks the undersigned judge to recuse herself because one of her law clerks, a former Special Assistant United States Attorney, initiated the prosecution against Defendant. The United States of America has filed a Resistance (docket no. 201). For the reasons expressed in the Resistance and herein, the court denies the Motion to Recuse.

## *I. BACKGROUND*

The facts are not disputed. On October 14, 2003, the Grand Jury indicted Defendant on a felony drug charge. Ms. Teresa Baumann, a Special Assistant United States Attorney, presented the case to the Grand Jury, signed the indictment, and directed the Clerk of Court to issue a warrant for Defendant. In the coming weeks, Ms. Baumann represented the United States in the early pretrial phase of the prosecution, engaging in plea negotiations and filing several pleadings, including a Resistance to a Motion to Suppress Defendant filed. Ms. Baumann cross-examined Defendant at a hearing on the Motion to Suppress.

On December 8, 2003, Assistant United States Attorney Daniel Tvedt entered an Appearance. After AUSA Tvedt filed his appearance, Ms. Baumann did not make any further appearances in the case for the United States. In January 2004, the court accepted Defendant's plea of guilty to the charge in the indictment.

In February 2005, Defendant filed a Motion to Withdraw Guilty Plea, which she later supplemented.

In July 2005, the undersigned judge hired Ms. Baumann as an elbow law clerk. Ms. Baumann was assigned to work on the court's civil docket, as well as to perform any ministerial duties that might arise. To forestall an appearance of impropriety from arising, the court immediately screened Ms. Baumann from any substantive work on the court's criminal caseload.

On August 9 and 10, 2005, the court held a hearing on Defendant's efforts to withdraw her guilty plea. Because the court's courtroom-deputy position was temporarily vacant,[1] Ms. Baumann filled the water jugs for counsel, placed phone calls to interpreters, and completed minute sheets[2] for the proceedings over a two-day period. At the end of the hearing, the court denied Defendant's motion. The court also determined Defendant was competent for sentencing. Sentencing was set for September 7, 2005.

On September 2, 2005, Defendant filed the instant Motion to Recuse (docket no. 200). In such motion, Defendant asks the undersigned judge to recuse herself from the upcoming sentencing. Defendant contends there is "an appearance of a conflict of interest, in that the person who originally prosecuted the [D]efendant now serves as the sentencing

---

[1] Due to a change in personnel, the court did not have a courtroom deputy for the first two weeks of August.

[2] A minute sheet lists the basic details of a hearing, such as the names of the parties, the names of their attorneys, and what time the hearing started and ended.

judge's law clerk." On September 6, 2005, the United States filed a Resistance to the Motion to Recuse (docket no. 201).

## *II. ANALYSIS*

Defendant relies upon 28 U.S.C. § 455(a) in support of her demand that the undersigned judge recuse herself. That statute states:

> Any . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.

28 U.S.C. 455(a).[3] The statute was intended "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988).

"By enacting section 455(a), Congress sought to eradicate not only actual, but also the appearance of impropriety in the federal judiciary." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). It is irrelevant, then, whether the judge is actually biased; section 455(a) "sets an objective standard that does not require scienter." *Id.* The Eighth Circuit Court of Appeals therefore has "recast the issue as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Id.* (quoting *In re Kansas Pub. Employees Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)). The recusal decision is committed to the sound discretion of the district court. *Id.*

Neither party has presented the court with any cases precisely on point. Defendant contends the case at bar is similar to cases in which a judge's law clerk accepts an offer of future employment with a party before the court, thereby creating an appearance of

---

[3] In passing, Defendant also claims "due process" requires recusal, but does not cite any authority in support of this claim.

3

impropriety. *See, e.g.*, *Hall v. Small Bus. Admin.*, 695 F.2d 175, 179 (8th Cir. 1983). Law clerks are "not merely the judge's errand runners . . . [but rather] sounding boards for tentative opinions and legal researchers who seek the authorities that affect decision." *Id.*

It is important to recognize, however, that in this case the alleged conflict concerns a law clerk's prior—not future—employment. As the Eleventh Circuit Court of Appeals has recognized:

> [A] law clerk has little incentive to influence a judge in an effort to curry favor with a former employer. Conversely, a law clerk has a financial incentive to benefit a future employer. Given this financial incentive, if ever a law clerk were of a mind to influence his judge, it would likely be for the benefit of a future rather than a former employer. Because precedent approves the isolation of a law clerk who has accepted future employment with counsel appearing before the court, it follows that isolating a law clerk should also be acceptable when the clerk's former employer appears before the court.
>
> [W]e [also] note that a law clerk has no incentive to violate a court's instruction that he isolate himself from the case and thereby subject himself to discharge. In this case, the district judge explained that, as a matter of course, he isolates law clerks from cases involving past or future employers. The obvious purpose of this procedure is to ensure that the appearance of partiality does not arise; as such, only a foolhardy law clerk would purposely circumvent the court's instruction by attempting to pass on information about a case.

*Byrne v. Nezhat*, 261 F.3d 1075, 1102 (11th Cir. 2001) (citations omitted).[4] The same

---

[4] The court notes the *Byrne* court expressly distinguished *Hall*. *Byrne*, 261 F.3d at 1102 n.62.

principles apply here.

Additionally, the Eleventh Circuit Court of Appeals has noted that the performance of a law clerk's "ministerial duties" were not sufficient to create the appearance of impropriety. *See Hunt v. Am. Bank & Trust Co.*, 783 F.2d 1011, 1016 (11th Cir. 1986). Ms. Baumann's only involvement in this case since joining the court's staff was tangential and purely ministerial. Ms. Baumann performed a few administrative courtroom tasks during a two-week period in which the court was left without a courtroom deputy; as indicated, she filled the water jugs for counsel and the undersigned, placed phone calls to interpreters, and took minutes of the proceedings over a two-day period. These actions in and of themselves do not warrant the undersigned's recusal. This is especially true when all the facts are known; a temporary personnel shortage required Ms. Baumann's presence in the courtroom during Defendant's hearing.

From the outset of her employment, the court has undertaken measures to screen Ms. Baumann from the court's criminal docket to avoid any appearance of impropriety. Ms. Baumann was hired to work exclusively on the court's civil caseload. Ms. Baumann has not discussed the case at bar with the undersigned, nor has she worked on it. Ms. Baumann has not and will not have any involvement whatsoever with the undersigned's decisions in the case. *See Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 613 (8th Cir. 2003) (holding recusal not warranted where judge assured parties that law clerk would not have "any involvement whatsoever" with the court's handling of case). Her mere presence in the chambers is not a sufficient reason for recusal. "A judge is not necessarily forbidden . . . to do all that is prohibited to each of [her] clerks." *Hunt,* 783 F.2d at 1015-16. The court concludes "the average person on the street" would not

reasonably question the undersigned's impartiality because of Ms. Baumann's former employment.

### *III. CONCLUSION*

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Recuse is (docket no. 200) is **DENIED**.

**SO ORDERED.**

**DATED** this 7th day of September, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA